USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/5/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
UNITED STATES OF AMERICA :
:
-against- : 24-CR-145 (VEC)
:
: ORDER
YASSER CRUZ, :
               Defendant. :
:
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Yasser Cruz is charged with one count of being a felon in possession of a firearm. *See* Indictment, Dkt. 5; 18 U.S.C. § 922(g). He has moved to dismiss the Indictment on the grounds that 18 U.S.C. § 922(g) is unconstitutional. *See* Mot., Dkt. 12. Defendant's motion to dismiss is DENIED.

**BACKGROUND**

When Mr. Cruz was arrested on the instant charge, he was a convicted felon. *See* Gov't Mem., Dkt. 19 at 3–4. Specifically, according to the Complaint, Mr. Cruz had been convicted on July 25, 2013, of possession with intent to distribute a controlled substance in violation of Connecticut General Statute § 21a-277(a). Compl., Dkt. 1 ¶ 5. For that offense, Mr. Cruz was sentenced to 54 months' imprisonment. *Id.*

The facts of this case are straightforward. Early in the morning on February 15, 2024, there was an altercation between Mr. Cruz and bouncers at a nightclub in Manhattan (the "Club"). *Id.* ¶¶ 3.a, 3.c.i. Mr. Cruz walked to a car parked nearby and returned holding a gun. *Id.* ¶ 3.c.i. When the bouncer drew his own gun, Mr. Cruz agreed to leave; he drove away in a black Mercedes sedan. *Id.*

After receiving 911 calls about the incident and speaking to the bouncers at the Club, the police stopped Mr. Cruz, who was in the Mercedes nearby. *Id.* ¶¶ 3.a–c, e. The police ordered Mr. Cruz and his passenger to get out of the car. *Id.* ¶ 3.e. As they exited, the officers saw, in plain view through the open passenger-side door, a firearm. *Id.* ¶ 3.f.

In a post-arrest interview, Mr. Cruz waived his Miranda rights and admitted that he possessed the firearm. *Id.* ¶¶ 3.g.ii–iii.

## DISCUSSION

Relying on *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Defendant argues that Section 922(g), the federal statute that prohibits felons from possessing a firearm in interstate commerce, violates the Second Amendment to the U.S. Constitution. Def. Mem., Dkt. 12 at 1–2. The Government argues that *Bruen* did not disturb Second Circuit precedent upholding the constitutionality of Section 922(g). Gov't Mem., Dkt. 19 at 1. The Court agrees with the Government that Section 922(g) is constitutional.

### A. Legal Standard

In *Bruen*, the Supreme Court held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 597 U.S. at 17. To justify the regulation of conduct involving guns, the Government must demonstrate that the regulation "is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 24. According to the Court, "when a challenged regulation addresses a general societal problem that has persisted since the 18th century, the lack of a distinctly similar historical regulation addressing that problem is relevant evidence that the challenged regulation is inconsistent with the Second Amendment." *Id.* at 26. Moreover, if "earlier generations addressed the societal

problem, but did so through materially different means, that also could be evidence that a modern regulation is unconstitutional." *Id.* at 26–27.

Although the Supreme Court's majority opinion in *Bruen* did not directly address whether that decision would have any impact on felon-in-possession laws, it repeatedly characterized the Supreme Court's Second Amendment jurisprudence as providing "law-abiding" citizens with the right to possess handguns. *See id.* at 9, 15, 26, 29, 31, 38, 60, 70. Moreover, the majority stressed that their decision in *Bruen* is "consistent" with what were at the time two relatively recent Supreme Court cases regarding the Second Amendment, *id.* at 10 (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010)). Those two cases made clear that the Court, although radically altering the landscape vis-à-vis Second Amendment jurisprudence generally, did not see those opinions as disturbing "longstanding" prohibitions on the possession of firearms by felons, *see Heller*, 554 U.S. at 626–27; *McDonald*, 561 U.S. at 786.

Following *Heller* and *McDonald*, the Second Circuit held that Section 922(g) is constitutional. *See United States v. Bogle*, 717 F.3d 281, 281–82 (2d Cir. 2013) (joining "every other circuit to consider the issue" in affirming Section 922(g)'s constitutionality given "longstanding prohibitions on the possession of firearms by felons" (quoting *Heller*, 554 U.S. at 626 and citing *McDonald*, 561 U.S. at 786)); *see also United States v. Jimenez*, 895 F.3d 228, 233 (2d Cir. 2018) (citing *Bogle* as precedent "uphold[ing] the federal ban on ex-felons' access to firearms and ammunition").

B. Application

*Bruen* does not alter the holding of *Bogle*: Section 922(g) is a constitutional regulation of the possession of firearms. There is nothing in *Bruen* that suggests the Court saw that

explication of the reach of the Second Amendment as disturbing the Supreme Court's dicta that "longstanding prohibitions on the possession of firearms by felons" remain constitutional. Six Justices emphasized that very point. *See Bruen*, 597 U.S. at 72 (Alito, J., concurring) (noting that *Bruen* does not "disturb[] anything" the Supreme Court said in *Heller* and *McDonald* regarding "restrictions that may be imposed on the possession or carrying of guns"); *id.* at 80–81 (Kavanaugh, J., and Roberts, C.J., concurring) (same); *id.* at 129–30 (Breyer, J., Sotomayor, JJ., and Kagan, JJ., dissenting) (same).

Because there is nothing in *Bruen* that alters the rationale of *Bogle*, Defendant's motion to dismiss the Indictment is DENIED. *See United States v. Gonzalez*, No. 23-CR-18 (MKV), 2024 WL 96517, at *5 (S.D.N.Y. Jan. 9, 2024) ("Every court in this District that has considered whether *Bogle* survives *Bruen* has reached the same conclusion.") (collecting cases); *see also United States v. Aramboles*, No. 23-CR-643 (AS), 2024 WL 813466, at *2 (S.D.N.Y. Feb. 27, 2024) (denying motion to dismiss Section 922(g) indictment and holding that *Bogle* remains binding post-*Bruen*); *United States v. King*, 634 F. Supp. 3d 76, 83 (S.D.N.Y. 2022) (denying a defendant's motion to dismiss a Section 922(g) indictment because his argument that *Bruen* casts doubt on "longstanding prohibitions on the possession of firearms by felons" was "meritless").

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss the indictment is DENIED. The Clerk of Court is respectfully requested to close the open motion at Dkt. 12. The Defendant has previously informed the Court that he intends to plead guilty if this motion is denied. Letter, Dkt. 16. The parties are ordered to meet and confer and provide the Court with a

mutually convenient date for a change of plea hearing before **Friday, June 14, 2024**, or to propose a trial date if Defendant has changed his mind.

**SO ORDERED.**

Date:  June 5, 2024
       New York, NY

                              **VALERIE CAPRONI**
                              **United States District Judge**